UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

JOSHUA HOWARD,

    Plaintiff,

v.                                        Case No. 20-cv-1850-pp

ANTHONY ASHWORTH, *et al.*,

    Defendants.

## ORDER EXTENDING DEADLINE TO PAY INITIAL PARTIAL FILING FEE

On February 8, 2021, the court ordered the plaintiff to pay the $41.81 initial partial filing fee in this case by the end of the day on February 19, 2021. Dkt. No. 7 at 2. The court stated that if it did not receive the initial partial filing fee (or an explanation as to why the plaintiff could not pay it) by February 19, 2021, it would dismiss the case without prejudice. Id. The court has not received the initial partial filing fee. The court *has*, however, received from the plaintiff a motion to show cause in one of the plaintiff's other cases, Howard v. Hartman, *et al.*, 20-cv-1768 (E.D. Wis.), indicating that he cannot pay the $124 initial partial filing fee in *that* case[1] as well as in this case (20-cv-1850) because Green Bay Correctional Institution business office staff have refused to process his payment requests. Howard, Case No. 20-cv-1768, dkt. no. 10. In his motion to show cause, the plaintiff refers to documentation he provided to the

---

[1] The court received the plaintiff's $124 initial partial filing fee for 20-cv-1768 on February 19, 2021.

1

business office for Case Numbers 20-cv-1768 and 20-cv-1850, but the documentation he provided to the court appears to relate only to his other case (20-cv-1768), not this case (20-cv-1850). See Howard, 20-cv-1768, dkt. no. 10-1 at 7-9.

On February 25, 2021, court staff contacted the business office at Green Bay Correctional Institution. A business office staff member stated that the office does not save inmate disbursement requests, so the staff member did not know whether the plaintiff previously had submitted a disbursement request for the $41.61 initial partial filing for this case. The staff member stated, however, that once the plaintiff submits the proper documentation for disbursement of the initial partial filing fee from his release account, the payment will be processed and mailed to the court.

It appears to the court that while the plaintiff says the business office *refused* to process his request to pay the $41.61 initial partial filing fee, it is more likely that the plaintiff did not submit the proper disbursement request or that the requests got mixed up. That would not be surprising, given the number of cases the plaintiff is litigating at the same time. The solution to this problem is for the plaintiff to submit another disbursement request for this case. The court will give the plaintiff an extension of time to pay the fee. If the court does not receive the fee by the deadline the court sets below, the court will dismiss this case without prejudice.

The court **ORDERS** that the plaintiff must pay the $41.81 initial partial

filing fee in this case in time for the court to receive it by the end of the day on **March 24, 2021**. This means that the plaintiff must send the fee in time for the court to *receive* it by the end of the day on **March 24, 2021**. If the court does not receive the initial partial filing fee by the end of the day on **March 24, 2021**, court will dismiss the case without prejudice on the next business day. If the plaintiff does not have enough money in his regular account to pay the initial partial filing fee, he is responsible for making arrangements with the authorities to pay the initial partial filing fee from his release account. The language of 28 U.S.C. §1915(b)(1) suggests that a prisoner may use his release account to pay an initial partial filing fee only if he does not have sufficient funds in his regular account. See Carter v. Bennett, 399 F. Supp. 2d 936, 936-37 (W.D. Wis. 2005).

Dated in Milwaukee, Wisconsin this 8th day of March, 2021.

**BY THE COURT:**

_____
**HON. PAMELA PEPPER**
**Chief United States District Judge**