UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

JOSHUA HOWARD,

                    Plaintiff,

v.                                                  Case No. 20-cv-1850-pp

ANTHONY ASHWORTH, *et al.*,

                    Defendants.

---

**ORDER DENYING PLAINTIFF'S MOTION TO COMPEL (DKT. NO. 65)**

---

      Plaintiff Joshua Howard, who is incarcerated at Fox Lake Correctional Institution, filed this case alleging that the defendants violated his constitutional rights when he was incarcerated at Waupun Correctional Institution. Dkt. No. 1. The court screened the complaint and allowed the plaintiff to proceed on claims that Anthony Ashworth and Scott Eckstein—at the direction of Edward Wall and Steven Weirenga—allegedly intercepted the plaintiff's correspondence with Peg Swan and Jeff Poff in retaliation for, respectively, the plaintiff's assistance to Swan with her advocacy for individuals incarcerated at Waupun and the class action lawsuit the plaintiff and Poff were preparing. Dkt. No. 9 at 15. The court also allowed the plaintiff to proceed on claims that Ashworth, Eckstein and Cory Sabish retaliated against him for his proposed class action against Waupun and for providing assistance and information to Swan regarding the abuse of individuals incarcerated at Waupun. Id. Specifically, the court allowed the plaintiff to proceed on claims that (1) Ashworth and Eckstein destroyed evidence during their investigation of

1

the plaintiff's Conduct Report 2471890, as alleged in ¶54 of the complaint; (2) Sabish disposed of the twelve-page exculpatory letter the plaintiff submitted as evidence at his hearing, as alleged in ¶55 of the complaint; (3) Sabish issued a revised finding of guilt based on evidence he received after the hearing, as alleged in ¶56 of the complaint; (4) Ashworth and Eckstein provided evidence to Sabish "post-due process hearing so that he could supplement the record and his findings, ex parte," as alleged in ¶57 of the complaint; and (5) Sabish provided a supplemental *certiorari* record which was "added to the record on appeal, *ex parte*," and which omitted several exculpatory documents, as alleged in ¶60 of the complaint. Id. at 14-16. On July 19, 2023, the court denied the defendants' motion for summary judgment on exhaustion grounds and clarified that the plaintiff could proceed on his claim that defendants Ashworth and Eckstein issued the plaintiff Conduct Report 2471890 in retaliation for communicating with a prison advocate. Dkt. No. 45 at 18-19 n.6.

The plaintiff filed a motion to compel discovery. Dkt. No. 65. The discovery at issue consists of twenty-one emails between Assistant Attorney General Melissa Schaller and Waupun staff related to the compiling of the supplemental return in the Dane County Circuit Court *certiorari* case the plaintiff filed for his Conduct Report 24617890. Id. at 2-3. In response to the plaintiff's discovery request, the defendants submitted a privilege log asserting that the emails he seeks are protected by the attorney-client privilege and/or the attorney work product privilege. Dkt. No. 65-1 at 1.

A party may move for an order compelling discovery when another party fails to respond to a discovery request or where the party's response is evasive or incomplete. See Fed. R. Civ. P. 37(a)(1), (3), (4). "Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case[.]" Fed. R. Civ. P. 26(b)(1).

In support of his motion to compel, the plaintiff states that he does not believe the attorney-client privilege or work product privilege applies to the emails. Dkt. No. 65 at 3-4. He says that he believes that the content of the emails "was sending along documents that are prepared in the ordinary course of business, which would not be protected." Id. at 4. The plaintiff asks the court to require the defendants to submit the emails for *in camera* review along with arguments supporting their burden of establishing privilege for each of the emails and that he be given the opportunity to respond. Id.

The defendants respond that the court should deny the plaintiff's motion to compel because they correctly identified the emails as protected by the attorney-client and work product privileges. Dkt. No. 66 at 1. According to the defendants, the twenty-one emails to or from AAG Schaller as she worked with the prison to compile a supplemental return to file in the plaintiff's *certiorari* case "are the epitome of attorney-client privileged communication and attorney work product." Id. at 2. They assert that the emails were between a Wisconsin Department of Justice attorney and her client (staff at the Wisconsin Department of Corrections) for the purpose of compiling evidence to be submitted during an active lawsuit. Id.

3

Confidential communications between a client and her lawyer for the purpose of receiving legal advice are protected by the attorney-client privilege. United States v. Bey, 772 F.3d 1099, 1101 (7th Cir. 2014); see also United States v. Leonard-Allen, 739 F.3d 948, 953 (7th Cir. 2013) (attorney-client privilege "covers only those communications which reflect the lawyer's thinking or are made for the purpose of eliciting the lawyer's professional advice or other legal assistance"). When a party withholds information otherwise discoverable by claiming that the information is privileged, it must expressly claim the privilege, and it generally does so by identifying the document(s) on a privilege log. See Fed. R. Civ. P. 26(b)(5)(A).

The defendants' privilege log states that the twenty-one emails were sent to or from AAG Schaller and that they related to compiling the supplemental return in the plaintiff's *certiorari* case. Dkt. No. 65-1 at 1. The defendants point out that a supplemental certified return was filed for that *certiorari* case and that the plaintiff has received a copy of the return. Dkt. No. 66 at 1-2. The plaintiff's contention that he believes the emails are not protected because they were prepared in the ordinary course of business is misplaced because, as the defendants point out, the emails were not sent in *anticipation* of litigation but during litigation. See Binks Mfg. Co. v. National Presto Indus., Inc., 709 F.2d 1109, 1118-20 (7th Cir. 1983). The defendants' assertion, supported by their privilege log, that each email contains correspondence between an attorney and

client related to compiling information in an ongoing case invokes the attorney-client privilege. The court will deny the plaintiff's motion to compel.[1]

The plaintiff's response to the defendants' motion for summary judgment is due on January 7, 2025. Dkt. No. 70. On December 18, 2024, the plaintiff filed a letter asking the court to rule on his motion to compel before his summary judgement response date or stay his summary judgment response until the court resolves the motion. Dkt. No. 71. The court now has ruled on that motion. The court will extend the plaintiff's deadline for responding to the summary judgment motion to January 24, 2025.

The court **DENIES** the plaintiff's motion to compel. Dkt. No. 65.

The court **ORDERS** that the plaintiff must file his response to the defendants' motion for summary judgment in time for the court to *receive* it by the end of the day on **January 24, 2025**. The plaintiff's failure to timely file his response may result in the court considering the motion without his input (which could result in the court granting the motion).

Dated in Milwaukee, Wisconsin this 31st day of December, 2024.

                                                 **BY THE COURT:**

                                                 **HON. PAMELA PEPPER**
                                                 **Chief United States District Judge**

---

[1] Because the court has determined that the emails are protected from disclosure under the attorney-client privilege, it will not address the defendants' assertion that they are protected under the work produce doctrine, Fed. R. Civ. P. 26(b)(3).